UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 OCT 28 P 3: 07
US DISTRICT COURT
HARTFORD CT

---

DAVID D. HENWOOD,

     Plaintiff,

v.

UNISOURCE WORLDWIDE, INC. and
GEORGIA-PACIFIC CORP.

     Defendants.

Civil Action No.
3:01 CV 996 (AWT) (DFM)

October 28, 2003

---

**DEFENDANTS' MOTION FOR MODIFICATION OF SCHEDULING ORDER**

Defendants Unisource Worldwide, Inc. and Georgia-Pacific Corporation ("Defendants") respectfully move the Court for a short extension of time on the deadline for filing dispositive motions. Plaintiff David Henwood ("Henwood") recently notified Defendants that he is pursuing a response to a document request Defendants objected to over one year ago. The parties have discussed the request and are attempting to resolve the discovery issue. Henwood has told Defendants he will pursue a motion to compel if the matter cannot be resolved. Defendants therefore seek a short extension of time to file their motion for summary judgment so that the parties can first resolve this one remaining discovery issue, either among themselves or with Court intervention, prior to having to file their dispositive motion.

In support of this motion, Defendants state as follows:

1. By Order dated July 11, 2003, the Court granted Henwood's June 10, 2003 Motion for Modification of Scheduling Order, extending the discovery cut-off date to September 26, 2003 and setting the dispositive motion deadline for November 3, 2003.

2. By pleading dated July 23, 2003, Henwood moved the Court to reconsider its July 11 Order and to again extend the discovery period. On September 26, 2003, the Court

conducted a telephonic conference call with counsel for both parties on Henwood's motion for reconsideration. During that call, the parties advised the Court that all issues concerning scheduling of depositions had been resolved. Henwood advised the Court that he did not anticipate seeking to serve additional written discovery, but that he might pursue additional responses to already-served discovery and that he wanted to be able to file a motion to compel, if necessary, even after the discovery cut-off. The Court told the parties that it would grant Henwood's motion to the extent it concerned the ability to file a motion to compel after the discovery cut-off. Counsel for Defendants mentioned to the Court that if such a discovery issue arose, Defendants might move to extend the dispositive motion deadline.

3. By Order dated September 26, 2003, the Court denied in part and granted in part Henwood's motion for reconsideration. Specifically, the Court granted Henwood's request to have additional time to file a motion to compel, setting the deadline for filing such a motion for November 10, 2003. This deadline is one week after the dispositive motion deadline of November 3, 2003.

4. At the conclusion of a deposition on October 9, 2003, counsel for Henwood mentioned to counsel for Defendants that the parties needed to talk about an outstanding discovery issue. However, it was not until October 21, 2003 that Henwood's counsel followed up on this issue. At that time, counsel for Henwood told Defendants' counsel that Henwood was going to pursue a response to a request for production of documents Henwood had served on August 23, 2002, seeking balance sheets, income statements and other financial information concerning Websource, an operating division of Unisource. On September 25, 2002, over one year ago, Defendants served their response to this request, objecting to it on a number of grounds, including that the information sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. Despite the passage of more than one year during which Henwood did not pursue this discovery further, Henwood now asserts, on the eve of the summary judgment deadline,

2

that he will file a motion to compel if Defendants do not produce the requested financial information. The parties are attempting to resolve this issue without Court intervention.

6. As a result of Henwood raising this last-minute discovery issue, Defendants are seeking a short extension of the deadline for filing dispositive motions. Specifically, Defendants are requesting that the current November 3, 2003 deadline be extended until the later of either (1) November 17, 2003, or (2) 30 days after any motion to compel filed by Henwood on this discovery issue is resolved by the Court. The purpose of the extension would be to allow the parties to either resolve the current discovery issue among themselves or to have the Court resolve it through a motion to compel prior to the time that Defendants have to file their summary judgment motion. Defendants want to avoid a situation where their summary judgment motion is filed and then Henwood takes the position that he cannot adequately respond to it until this discovery issue is resolved, particularly where Henwood could have pursued this discovery at any time within the last year.

7. Because the deadline for filing a motion to compel is November 10, 2003, the parties will know by that time, if not before, whether they can resolve the discovery matter or whether Henwood will file a motion to compel. Therefore, Defendants respectfully request that the Court extend the summary judgment deadline until the later of either (1) November 17, 2003, or (2) 30 days after any motion to compel filed by Henwood on this discovery issue is resolved by the Court.

8. This is the first request for such an extension of time by Defendants.

9. Counsel for Henwood has informed Defendants' counsel that Henwood consents to the requested extension until November 17, 2003, but Henwood objects to any extension tying the dispositive motion deadline to the resolution of any motion to compel.

10. For the reasons set forth above, Defendants respectfully assert that good cause exists for the granting of this motion.

Case 3:01-cv-00996-AWT    Document 63    Filed 10/28/2003    Page 4 of 5

For these reasons, Defendants respectfully request that the Court grant this motion and extend the deadline for filing dispositive motions until the later of either (1) November 17, 2003, or (2) 30 days after any motion to compel filed by Henwood is resolved by the Court.

        THE DEFENDANTS,
UNISOURCE WORLDWIDE, INC. and
GEORGIA-PACIFIC CORP.

By _____
Wendi J. Kemp (ct 11185)
McCARTER & ENGLISH
CityPlace I
185 Asylum Street, 36th Floor
Hartford, CT 06103-3495
(860) 275-6700

C. Randolph Sullivan (ct 22795)
Kimberlee W. DeWitt (ct 23825)
HUNTON & WILLIAMS
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200

4

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following counsel of record on this 28th day of October, 2003:

    Daniel M. Young, Esq.
    WOFSEY, ROSEN, KWESKIN &KURIANSKY, LLP
    600 Summer Street
    Stamford, CT 06901-1490

                                                  Wendi J. Kemp

HARTFORD: 601645.01