UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID D. HENWOOD,<br><br>Plaintiff,<br><br>v.<br><br>UNISOURCE WORLDWIDE, INC.<br><br>and<br><br>GEORGIA-PACIFIC CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>) 3:01CV996(AWT) (DFM)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF PAGE LIMITATION

Defendants, by counsel, hereby file this Response in Opposition to Plaintiff's Motion for Enlargement of Page Limitation. By pleading dated January 5, 2004, Plaintiff David Henwood ("Henwood") moved this Court to grant him an extra twenty pages in which to respond to Defendants' Motion for Summary Judgment.

As Henwood noted in his motion, Defendants object to the requested enlargement of page limitation. Such an enlargement is unreasonable on its face as the extra pages requested by Henwood would constitute a fifty percent (50%) increase over the forty (40) pages already allowed Henwood under the Local Rules. The facts and legal issues in this case are the same for Henwood as they are for Defendants. Defendants thoroughly briefed their motion for summary judgment and did so within the forty (40) page limitation. As such, Henwood should be required to advance his argument within the same page limitations required of Defendants.

In support of his motion, Henwood asserts that he is seeking the extension because Defendants have moved for summary judgment on each of his claims. The fact that Defendants moved for summary judgment on each of Plaintiff's claims is not an unusual or extraordinary circumstance and does not constitute a valid basis for any enlargement of the page limitation, much less a twenty-page enlargement. As such, this Court should not depart from the Local Rules which govern every other case that comes before it. In fact, Defendants were able to address each of Plaintiff's claims in well-reasoned and concise arguments within the page limitations set forth by this Court. It is not unreasonable to expect Henwood to attempt to support his claims within these same limitations.

Henwood also claims that his fact portion of the brief, as he has drafted it, already exceeds twenty-five pages because "Defendants failed to acknowledge the existence of evidence contrary to their position." As an initial matter, Defendants are skeptical that there are twenty-five pages of facts in addition to those set forth in Defendants' brief. However, even if this were true, summary judgment motions are predicated on issues of *material* fact. Henwood should not be rewarded for his inability to sort through facts and set forth only those which are relevant to the issues before the Court, nor should he be allowed to confuse the record by dumping in pages of immaterial facts. However, if Henwood chooses to use twenty-five pages of his allotted forty to recount facts that he deems important, then the Local Rules mandate that he tailor the remainder of his arguments to fit within the remaining page limitations.

Finally, it is important to emphasize that Henwood has already been granted, with Defendants' consent, a four week extension of time in which to file his opposition to Defendants' Motion for Summary Judgment. Defendants filed their motion and supporting papers on November 17, 2003. Henwood has had ample time to sort through his factual and legal arguments and present his opposition brief in accordance with the Local Rules of this Court.

For the reasons stated above, Defendant respectfully requests that this Court deny Plaintiff's Motion for Enlargement of Page Limitation.

        THE DEFENDANTS,
        UNISOURCE WORLDWIDE, INC. and
        GEORGIA-PACIFIC CORP.

        By_____
        Wendi J. Kemp (ct11185)
        McCARTER & ENGLISH
        CityPlace I, 185 Asylum Street
        Hartford, CT 06103-3495
        (860) 275-6700

        C. Randolph Sullivan (ct22795)
        Kimberlee W. DeWitt (ct23825)
        HUNTON & WILLIAMS
        951 East Byrd Street
        Richmond, VA 23219
        (804) 788-8200

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by fax and by U.S. Mail, postage prepaid, to the following counsel of record on this 7th day of January, 2004:

Daniel M. Young
WOFSEY, ROSEN, KWESKIN &KURIANSKY, LLP
600 Summer Street
Stamford, CT 06901-1490



Wendy J. Kemp

HARTFORD: 606054.01