UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| DAVID D. HENWOOD, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| v. | : | 3:01 CV 996 (AWT)(DFM) |
| | : | |
| UNISOURCE WORLDWIDE, INC. and | : | |
| GEORGIA-PACIFIC CORP. | | |
| Defendants. | : | January 21, 2004 |

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The Plaintiff David Henwood submits this memorandum of law in support of his motion for leave to file an amended complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Plaintiff seeks to plead specifically a separate count of recovery under implied contract premised upon promissory estoppel. The Plaintiff also seeks to amend other minor aspects of his December 13, 2001 Amended Complaint. All proposed changes and additions are **bold faced** in the proposed Amended Complaint attached to the Plaintiff's motion.

    A.    The Rule 15(a) Standard

Judge Nevas recently detailed the applicable standard for determining whether a plaintiff should be permitted to amend its complaint in Concerned Citizens of Belle Haven v. Belle Haven Club, No. Civ. 3:99CV 1467 (AHN), 2002 WL 32124959 at *3 (D. Conn. Oct. 25, 2002). Noting that Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," Judge Nevas explained:

> The policy of favoring liberal amendments ensures the determination
> of claims on their merits rather than on technicalities. "[T]he federal
> rules reject the approach that pleading is a game of skill in which

> one misstep by counsel may be decisive to the outcome and accept
> the principle that the purpose of pleading is to facilitate a proper
> decision on the merits." Conley v. Gibson, 355 U.S. 41, 48 (1957).
> In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court
> enunciated factors that weigh against amendment. These include
> "undue delay, bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by virtue of
> allowance of the amendment, futility of amendment, etc." Id. at 178.

None of these relevant factors weigh against permitting the Plaintiff's proposed amendment. While the Plaintiff is seeking to amend his complaint after discovery has been completed, he is moving to amend within only a few weeks of a significant expansion of Connecticut law applicable to this case. And, even were there any delay in the Plaintiff's actions, the "Second Circuit has made it clear that delay, without more, cannot be the basis to deny an amendment and has routinely excused delays of more than two years." Concerned Citizens of Belle Haven, 2002 WL at *5 (citing Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). "Indeed, an amendment may be permitted at any point during the course of litigation." 2002 WL at *5 (citing Foman, 371 U.S. at 181-82 ("in the interest of justice," leave to amend may be necessary even at post-judgment stage)). There also is no conceivable claim of bad faith or dilatory motive on the part of the Plaintiff, nor can there be any claim of undue prejudice to the Defendants.

      B.    The Promissory Estoppel Claim

The Plaintiff's motivation to amend his complaint stems from the Supreme Court of Connecticut's recent holding in Stewart v. Cendant Mobility Services, Corp., 267 Conn. 96, 2003 WL 22940518 (Conn. Dec. 23, 2003). In that opinion, issued only a few weeks ago, the Supreme Court significantly expanded the scope of the promissory estoppel doctrine under Connecticut law,

narrowing the holding of D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 213 (1987). Although the Plaintiff already has pled related claims for breach of express and implied contract (First Count) and breach of the duty of good faith and fair dealing (Second Count), the Plaintiff now seeks to plead explicitly a claim for recovery under implied contract premised upon the doctrine of promissory estoppel. As explained in the Plaintiff's memorandum of law in opposition to the Defendants' summary judgment motion, this "new" claim, is supported by the facts of this case. See Plaintiff's Memorandum of Law, pp. 57-60.

    1.    Promissory Estoppel is a Theory of Recovery Similar to the Claims Already Pled by the Plaintiff.

The proposed claim for promissory estoppel is legally similar to the claims for breach of contract and breach of the duty of good faith and fair dealing, which already exist in the Plaintiff's operative complaint.

In Torringford Farms Assoc., Inc. v. City of Torrington, 75 Conn. App. 570, 571 (Peters, J.), cert. denied, 263 Conn. 924 (2003), the Connecticut Appellate Court explained that a claim for promissory estoppel is a breach of contract claim, holding that the statutory contract statute of limitations "applies to an action for breach of contract that is based on a claim of promissory estoppel." In so holding, the court premised its conclusion on the fact that the statute of limitations for contracts "applies directly to a claim of promissory estoppel because such a claim is a claim for breach of contract." Id. (emphasis added). Similarly, in D'Ulisse-Cupo, supra, 202 Conn. at 213, the Supreme Court explained that an "implied contract may be enforceable under the doctrine of promissory estoppel ...." Thus, a claim for promissory estoppel is simply one legal theory that may support a breach of implied contract claim. See, e.g., Manning v. Gigna Corp., 807 F. Supp. 889, 895 (D. Conn. 1991) ("[i]n Connecticut, an implied employment contract may arise under the

3

doctrine of promissory estoppel").

Because of the similarity and overlapping nature of claims for breach of contract and promissory estoppel, some courts have held that promissory estoppel need not even be pled explicitly. In addressing Minnesota law similar to Connecticut law with respect to promissory estoppel and breach of implied contract, the Court of Appeals for the Eighth Circuit recognized in Ruzicka v. Conde Nast Publications, Inc., 939 F.2d 578, 583 (8th Cir. 1991) that while promissory estoppel is "an alternative legal theory to enforce an implied contract at law" that is "normally pled as a separate theory of recovery to be considered by the jury," recovery under the theory of promissory estoppel may be had even when it is not formally pled. (citing Christensen v. Minneapolis Mun. Employees Retirement Bd., 331 N.W.2d 740, 747 (Minn. 1983)).[1]

This law is premised on the recognition that promissory estoppel is simply a legal theory of recovery upon which a breach of contract claim may be based. See Torringford Farms Assoc., supra, 75 Conn. App. at 571; D'Ulisse-Cupo, supra, 202 Conn. at 213.

  2.  The Facts of this Case Support Recovery under the Doctrine of Promissory Estoppel.

---

[1] In Ruzicka, the Court of Appeals declined to address the promissory estoppel claim that had not been pled explicitly, but it remanded the issue of promissory estoppel to the District Court for consideration. It directed that the district court, on remand of the granting of a summary judgment motion, should consider promissory estoppel on the pleadings as they exist, if it can do so, or it should allow the plaintiff to amend her complaint to allege a promissory estoppel claim before reconsidering the summary judgment motion. 939 F.3d at 583. See also Minnesota Mining and Manufacturing Co. v. Rubber, Inc., 943 F. Supp. 1117, 1128 n4 (D. Minn. 1996) (addressing promissory estoppel claim as part of implied contract claim and holding that Minnesota allows a promissory estoppel theory to be raised even for the first time on appeal, because it is essentially a variation of contract theory), aff'd, 130 F.3d 1305 (8th Cir. 1997).

The doctrine of promissory estoppel states that a promise "which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Stewart, 2003 WL at *4 (quoting Restatement (Second) of Contracts § 90, p. 242 (1981)). In Stewart, the Supreme Court held that an employee asserted a viable promissory estoppel claim premised upon an employer's promise that its employee's employment would not be adversely affected if her husband obtained a job with a competitor. In so holding, the Supreme Court explained that a promise sufficient to support a promissory estoppel claim might be insufficient to warrant recovery for breach of an express contract. 2003 WL at *4. While the promise must satisfy the requirements of clarity and definiteness, it need not be the equivalent of an offer to enter into a contract. Id.

In permitting the less-stringent standard under promissory estoppel, the Supreme Court rejected the argument that a promise sufficient to support a promissory estoppel claim must contain all of the standard material terms of a contract of employment necessary for conventional contractual liability. 2003 WL at *5. The court also explained that a promise sufficient to support a promissory estoppel claim could exist even in the at-will employment context. 2003 WL at *7. In light of the holding of Stewart, the Plaintiff respectfully submits that, here, there is sufficient evidence to permit a jury to find for the Plaintiff under the theory of promissory estoppel, as the Plaintiff relied upon the Defendants' promises in accepting employment and remaining employed with the Defendants, and forgoing other opportunities.

The Plaintiff's operative complaint already sets forth the promises made by the Defendants, and it already provides that the Plaintiff relied upon these promises. See Amended Complaint ¶¶ 14, 15, 16, 19. Indeed, as in Stewart, the promises upon which the Plaintiff relies are alleged to

constitute contracts. Nonetheless, if the jury determines, like in <u>Stewart</u>, that there is insufficient evidence to support a breach of contract claim, the Plaintiff still should be permitted to recover under the theory of promissory estoppel.

      C.    <u>Justice Requires that the Court Permit this Amendment.</u>

In light of the foregoing, it is respectfully submitted that the Court should permit the Plaintiff to amend his complaint so that the Plaintiff's claim can be decided on the merits. While the Defendants have indicated that they object to this proposed amendment and that they will oppose the Plaintiff's motion, there will be no <u>undue</u> prejudice resulting to them by this amendment. Undoubtedly, the Defendants would prefer not to be held liable under any theory. Nonetheless, they will not be unduly prejudiced by this proposed amendment. No new discovery will be necessary, as the same discovery that was taken or that should have been taken in response to the Plaintiff's breach of contract claim also is applicable to the proposed promissory estoppel claim. Indeed, the very same facts upon which the Plaintiff relies in support of his breach of contract claim support the promissory estoppel claim. Moreover, the statute of limitations for the promissory estoppel claim has not even expired, as the facts alleged to constitute a breach of the Defendants' promises commenced in 1999, well within the applicable six-year statute of limitations. <u>See</u> <u>Torringford Farms Assoc., Inc.</u>, <u>supra</u>, 75 Conn. App. at 571 (six-year statute of limitations set forth in Conn. Gen. Stat. § 52-576(a) applies to promissory estoppel claims).

Here, "the underlying facts or circumstances relied upon by [the] plaintiff may be a proper subject of relief, [and therefore] he ought to be afforded an opportunity to test his claim on the merits." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

6

> The phrase contained in Rule 15(a) – that leave to amend pleadings is to be "freely given when justice so requires" – is to be broadly construed to comport with the general policy of the Federal Rules to permit and encourage disposition of litigation on the merits. This is well settled law. Grand Sheet Metal Products v. Aetna Cas. & Sur., 500 F. Supp. 904, 907 (D. Conn. 1980). It is "rare" that leave to amend should be denied. Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). Just as a court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), it should not deny leave to file a proposed amended complaint unless that same rigorous standard is met. Ricciuti, 941 F.2d at 123.

See Wells v. Harris, 185 F.R.D. 128, 131 (D. Conn. 1999). While the decision whether to grant leave is within the court's sound discretion, as Foman "makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing spirit of the Federal Rules." Kim v. Convent of the Sacred Heart, Inc., No. 3:95CV961 (AHN), 1998 WL 241213 at *1 (D. Conn. Apr. 17, 1998) (quoting United States v. Continental Illinois Nat. Bank & Trust, 889 F.2d 1248, 1254 (2d Cir. 1989)).

In light of the foregoing, including the standard governing amendments under Rule 15(a), the Plaintiff respectfully requests that the Court grant his motion and accept for filing the Amended Complaint attached to the Plaintiff's Motion.

        RESPECTFULLY SUBMITTED,
        THE PLAINTIFF
        DAVID D. HENWOOD

By _____/s/_____
   David M. Cohen, Esq. (ct06047)
   Daniel M. Young (ct17188)
   WOFSEY, ROSEN, KWESKIN &
      KURIANSKY, LLP
   600 Summer Street
   Stamford, CT 06901-1490
   (203) 327-2300

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following counsel of record on this 21st day of January 2004:

> Wendi J. Kemp, Esq.
> Gregory B. Nokes, Esq.
> McCarter & English, LLP
> CityPlace I
> 185 Asylum Street
> Hartford, Connecticut 06103
>
> C. Randolph Sullivan, Esq.
> Hunton & Williams
> 951 East Byrd Street
> Richmond, VA 23219
> (also by facsimile)

_____/s/_____
Daniel M. Young