UNITED STATES DISTRICT COURT
District of Connecticut

| | | |
|---|---|---|
| DAVID D. HENWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:01CV996 (AWT) (DFM) |
| UNISOURCE WORLDWIDE, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEORGIA-PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | February 17, 2004 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendants, by counsel, hereby file this Response in Opposition to Plaintiff's Motion for Leave To File an Amended Complaint. By pleading dated January 21, 2004, Plaintiff David Henwood ("Henwood") moved this Court to grant him leave to amend his (already) Amended Complaint.

Defendants object to this motion. As Plaintiff noted in his brief, an amendment should be denied if it would cause "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Concerned Citizens of Belle Haven, et al. v. The Belle Haven Club, No. 3:99CV1467, 2002 WL 32124959, at *3 (D. Conn. Oct. 25, 2002). Defendants object to this motion for four of the six

reasons above, namely (1) undue delay, (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of allowance of the amendment, and (4) futility of the amendment.

**1.      Undue Delay**

Allowing Plaintiff to amend his Amended Complaint (again) would cause an undue delay.  As an initial matter, Plaintiff filed his original Complaint on May 2, 2001.  As such, this case has been before this Court for almost three years.  Plaintiff has had more than enough time to add a promissory estoppel claim and, in fact, was granted an opportunity to amend his Complaint over two years ago, on December 13, 2001.  Despite this opportunity, Plaintiff did not add a claim for promissory estoppel.  Instead, it was only after the two year discovery process had ended and after Defendants had filed for summary judgment that Plaintiff attempted to assert this new cause of action.  Plaintiff should not now be allowed to throw out another theory in a last ditch attempt to save an already faltering case.  Such an amendment would cause undue delay for two reasons.

First, discovery would need to be reopened because, despite Plaintiff's assertion to the contrary, a claim for promissory estoppel requires wholly separate allegations than those made in the Complaint.  The elements of promissory estoppel are:  (1) a promise, (2) that the promissor should reasonably expect to induce reliance, (3) reasonable reliance by the promisee, and (4) injustice can only be avoided by enforcement of the promise.  Stewart v. Cendant Mobility Srvs. Corp., 267 Conn. 96, 104, 837 A.2d 736, 742 (2003).  Therefore, to properly defend itself against this new claim, Defendants would need to take additional discovery in regards to these

additional elements. However, Plaintiff has requested four separate extensions of the discovery period and, after being granted each of these extensions, discovery ended on September 26, 2003. Thus, if Plaintiff's motion to amend were granted, the discovery period once again would be prolonged.

Second, Defendants did not brief the issue of promissory estoppel in its Motion for Summary Judgment because the claim was not properly alleged at that time. Therefore, if Plaintiff's amendment were granted, Defendants would need additional time to brief the promissory estoppel claim as well as additional time to reply to any brief Plaintiff would file in response to Defendants' supplemental brief.

Such an extension of the discovery period and the briefing schedule would cause an undue delay on an already lengthy process. Plaintiff could have alleged a claim of promissory estoppel at any time during the two year discovery period. However, he waited until after discovery ended and Defendants' Motion for Summary Judgment had been briefed. As a result, such an amendment would simply prolong this litigation even further and, therefore, Plaintiff's motion should be denied. Zahra v. Town of Southold, 48 F.3d 674, 685-86 (2d Cir. 1995) (court denied request to amend complaint when it was filed two and one-half years after the commencement of the action); Ansam Assoc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (denial of request to amend when discovery had already been completed and non-movant had already filed motion for summary judgment).

**2.     Repeated Failure to Cure Deficiencies by Amendment Previously Allowed**

On December 13, 2001, Plaintiff sought leave of this Court to add a claim of Age Discrimination to his Complaint. Defendants did not object to this motion and the amendment was granted. Plaintiff could have added a promissory estoppel claim to his Complaint at that time but failed to do so.

As a result, Plaintiff now seeks to cure the deficiencies of not only his original Complaint but of his Amended Complaint as well. In fact, Plaintiff has had over two and a half years in which to cure this "deficiency" but instead has waited until the discovery period ended and Defendants' Motion for Summary Judgment has been briefed. Plaintiff should not be rewarded for his oversight by being allowed to delay the proceedings even further.

**3.     Undue Prejudice to the Opposing Party by Virtue of Allowance of the Amendment**

As stated above, Plaintiff's promissory estoppel claim adds a wholly separate cause of action. Defendants have not taken discovery on such a claim nor have they defended themselves against such a claim in their Motion for Summary Judgment. Allowance of an amendment would cause Defendants undue prejudice in that it would require re-opening of discovery and further briefing on summary judgment.

Furthermore, even if this Court were to reopen discovery and allow Defendants to supplement their Motion for Summary Judgment, such an extension would unduly prejudice Defendants. This case has been ongoing for almost three years and substantial discovery has been taken. Plaintiff has repeatedly delayed the progression of this case by seeking four extensions of the discovery period. These delays have prejudiced Defendants, who have a

significant interest in seeing that this case be resolved so that they can properly redirect their focus back on their business. By allowing this case to drag on, Defendants have been unduly prejudiced.

### 4. Futility of the Amendment

Finally, even if this Court were to grant Plaintiff's leave to amend his Amended Complaint, such an amendment would be futile because Plaintiff's promissory estoppel claim would not survive summary judgment. One fundamental element of promissory estoppel is a clear and definite promise. Stewart, 267 Conn. at 104, 837 A.2d at 742. As an initial matter, no evidence exists in the record that Defendants ever made a definite promise to pay Plaintiff commissions on the Watchtower account in perpetuity nor support Henwood in his actions regardless of how detrimental to Defendants they may be.

Furthermore, Plaintiff cannot show that an injustice occurred. Id. The record is clear that Henwood's actions caused the demise of the Watchtower account; as such, Henwood was not a victim of any injustice. Moreover, the record is also clear that, upon becoming aware of the damaged relationship between Watchtower and Defendants, Defendants did everything they could to repair their relationship with Watchtower. Thus, Plaintiff is unable to show another essential element of promissory estoppel, namely, that an injustice can only be avoided by enforcing this alleged promise. Id. Likewise, no evidence of intent to rely on any promise exists in the record. Therefore, Plaintiff's addition of a promissory estoppel claim would be futile.

### 5. **Conclusion**

For the reasons stated above, Defendant respectfully requests that this Court deny Plaintiff's Motion for Leave To File an Amended Complaint. To the extent that Plaintiff's motion is granted, Defendants reserve the right to seek additional discovery and to supplement their Motion for Summary Judgment.

                        THE DEFENDANTS,
                        UNISOURCE WORLDWIDE, INC. and
                        GEORGIA-PACIFIC CORP.

By _____
Wendi J. Kemp (ct17185)
McCARTER & ENGLISH
CityPlace I
185 Asylum Street, 36th Floor
Hartford, CT 06103-3495
(860) 275-6700

C. Randolph Sullivan (ct22795)
Kimberlee W. DeWitt (ct23825)
HUNTON & WILLIAMS
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was sent by fax and by U.S. Mail, postage prepaid, to the following counsel of record on this 17th day of February, 2004:

Daniel M. Young
WOFSEY, ROSEN, KWESKIN &KURIANSKY, LLP
600 Summer Street
Stamford, CT 06901-1490

_____
Wendi J. Kemp

HARTFORD: 608968.01