UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID D. HENWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. |
| | ) 3:01CV996(AWT)(DFM) |
| UNISOURCE WORLDWIDE, INC. | ) ) |
| and | ) ) |
| GEORGIA-PACIFIC CORPORATION, | ) March 5, 2004 |
| Defendants. | ) ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
### FOR PERMISSION TO FILE SUR-REPLY MEMORANDUM

Defendants, by counsel, hereby file this Response in Opposition to Plaintiff's Motion for Permission to File Sur-Reply Memorandum. By pleading dated February 11, 2004, Plaintiff David Henwood ("Henwood") moved this Court to grant him leave to file a sur-reply memorandum in further opposition to Defendants' reply brief. As Henwood noted, Defendants object to this motion.

First, Henwood had his chance to oppose Defendants' Motion for Summary Judgment in his response brief. In fact, Henwood filed a sixty-page response brief, twenty pages more than that allowed under the Local Rules of this Court, and therefore had ample opportunity to oppose Defendants' motion. Henwood is now trying to use the sur-reply brief to supplement facts that could have been fully developed in his response brief.

1

Moreover, the sur-reply brief is nothing more than a cumulative rehash of Henwood's version of events. Henwood has shown no special circumstances warranting additional motions practice, such as a new fact or case that was previously unknown to Henwood at the time he filed his response brief, and no such circumstances exist. Henwood is simply using the sur-reply brief as another attempt to muddy the real issues before the Court by flooding the Court with a large quantity of information in order to create the false appearance that there are genuine issues of material fact. There are no such genuine issues. For instance, on page one of his chart, Henwood provides his theory as to why he was removed from the Watchtower account and cites solely to his own testimony. Once again Henwood's argument misses the point. It is *immaterial* what Henwood *believes* occurred. What is at issue in this case is why Unisource removed Henwood from the account; therefore, the relevant inquiry is what Watchtower communicated to *Unisource*. Henwood has absolutely no first-hand knowledge as to these communications and, therefore, cannot legitimately refute the undisputed testimony of Watchtower, Fraser and Unisource representatives. Therefore, Henwood's version of events, as rehashed again in his sur-reply brief is irrelevant to the resolution of Defendants' Motion for Summary Judgment.

There are many other instances in Henwood's sur-reply chart where Henwood cites immaterial information or makes statements not supported by the record. There is no need for Defendants to address those here. The record speaks for itself and clearly shows that Defendants' Motion for Summary Judgment should be granted.

For the reasons stated above, Defendants respectfully request that this Court deny Henwood's Motion for Permission To File a Sur-Reply Memorandum. To the extent that Henwood's motion is granted, Defendants reserve the right to reply to Henwood's sur-reply memorandum.

> THE DEFENDANTS,
> UNISOURCE WORLDWIDE, INC. and
> GEORGIA-PACIFIC CORP.
>
> By _____
> Wendi J. Kemp (ct1185)
> McCARTER & ENGLISH
> CityPlace I
> 185 Asylum Street, 36th Floor
> Hartford, CT 06103-3495
> (860) 275-6700
>
>
> C. Randolph Sullivan (ct22795)
> Kimberlee W. DeWitt (ct23825)
> HUNTON & WILLIAMS
> 951 East Byrd Street
> Richmond, VA 23219
> (804) 788-8200

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by fax and by U.S. Mail, postage prepaid, to the following counsel of record on this 5th day of March, 2004:

        Daniel M. Young
        WOFSEY, ROSEN, KWESKIN &KURIANSKY, LLP
        600 Summer Street
        Stamford, CT 06901-1490

_____
                Wendi J. Kemp

HARTFORD: 610389.01