UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR -9  A 10: 38

U.S. DISTRICT COURT
HARTFORD, CT

---

DAVID D. HENWOOD,            :

      Plaintiff,           :

                               Civil Action No.

v.                           :   3:01 CV 996 (AWT)(DFM)

UNISOURCE WORLDWIDE, INC. and :
GEORGIA-PACIFIC CORP.

      Defendants.          :   March 8, 2004

---

**PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The Defendants' opposition to Plaintiff's motion for leave to file amended complaint is a generic objection that wholly ignores the facts of this case and the circumstances under which the Plaintiff has brought his motion. The Defendants' objections are inapplicable to the Plaintiff's motion, which should be granted so that the Plaintiff's promissory estoppel claim can be adjudicated on its merits.

1.    The Plaintiff Is Not Guilty of **Any** Delay in Moving to Amend His Complaint.

The Defendants make much of the fact that this will be the Plaintiff's second amendment to his complaint. The first amendment, however, was anticipated and announced at the commencement of this litigation. At the time the Plaintiff filed his original complaint, he did not allege his age discrimination claims because those claims were pending before the Connecticut Commission on Human Rights and Opportunities (the "CHRO"). In the parties' Rule 26(f) report, dated August 10, 2001, the Plaintiff specifically announced his intention to amend the complaint to consolidate his age discrimination claims with his state law claims..

The CHRO issued a release of jurisdiction on September 18, 2001. Because of a several-month moratorium in this case following September 11, 2001, when the Plaintiff's son was killed in the World Trade Center, the Plaintiff did not amend his complaint until December 13, 2001. At that time, as the Plaintiff had announced at the commencement of the case, the Plaintiff consolidated his claims into one lawsuit pending before this Court. The Defendants ignore all of these facts in repeatedly arguing that the Plaintiff should not be permitted to amend his complaint because he already has done so once before.

The Plaintiff now seeks to amend his complaint to allege a promissory estoppel claim under new Connecticut law that did not exist at the time the Plaintiff filed his first complaint, nor at the time he filed his amended complaint, during the discovery period, or even at the time the Defendants filed their motion for summary judgment. The new law directly applicable to the Plaintiff's amendment, which prompted the Plaintiff to file the instant motion, was announced on December 23, 2003. See Stewart v. Cendant Mobility Services, Corp., 267 Conn. 96, 2003 WL 22940518 (Conn. Dec. 23, 2003). The Defendants completely ignore this fact in their opposition brief, yet they repeatedly cite Stewart as the controlling law under which the Plaintiff's promissory estoppel claim will be governed.

The Defendants next argue that an amendment to the Plaintiff's complaint would necessitate new discovery. However, the Defendants do not identify any new discovery that they will pursue if the amendment is granted. This is so because, as the Plaintiff explained in his initial brief in support of his motion, the facts supporting the Plaintiff's other claims are the identical facts

upon which the Plaintiff relies in support of his promissory estoppel claim.[1] The Defendants ignore the fact that the Plaintiff has pled no new facts in support of his proposed amended complaint, arguing instead, without any basis, that an amendment might necessitate new discovery. To the extent the Defendants seek to reopen discovery with respect to the promissory estoppel claim, however, the Plaintiff does not object.

The Defendants further argue that if the amendment is granted, they will be compelled to amend their summary judgment motion to argue in favor of summary judgment as to the promissory estoppel claim. The Defendants ignore the fact that (1) they could have addressed the Plaintiff's proposed promissory estoppel claim in their summary judgment reply brief, yet they strategically elected not to; and (2) the Defendants already have addressed the substantive nature of the proposed promissory estoppel claim in the fourth section of their opposition brief to the Plaintiff's instant motion. Nonetheless, to the extent the Defendants seek to file a supplemental brief in support of summary judgment on the promissory estoppel claim, the Plaintiff has no objection. In the fourth section of their opposition brief, however, the Defendants assert the same arguments they previously have advanced in support of their motion for summary judgment as applicable to summary judgment on a promissory estoppel claim. No new briefing, therefore, would appear necessary.

---

[1] The overlapping nature of the facts alleged in support of the Plaintiff's existing claims with the facts supporting the Plaintiff's promissory estoppel count is obvious. The Plaintiff's currently operative complaint already sets forth the promises made by the Defendants, and it already alleges that the Plaintiff relied upon these promises. See Amended Complaint ¶¶ 14, 15, 16, 19. Indeed, as in Stewart, the promises upon which the Plaintiff relies are alleged to constitute contracts. The Plaintiff simply seeks to avail himself of the less stringent standard of promissory estoppel as established in Stewart. Thus, if the jury determines, like in Stewart, that there is insufficient evidence to support a breach of contract claim, the Plaintiff still may be permitted to recover under the theory of promissory estoppel.

3

In arguing that they already have waited too long for the adjudication of the Plaintiff's claims, the Defendants next ignore the fact that the statute of limitations on the Plaintiff's promissory estoppel claim has not tolled. Although asserted in the Plaintiff's initial memorandum of law, the Defendants fail to address this fact and the fact that the Plaintiff could have delayed until now even to file a complaint that alleged this claim. The Defendants also fail to address the reasons why the Plaintiff sought and was granted four extensions of the discovery period in arguing that such extensions weigh against granting the Plaintiff's current motion.

The Plaintiff's first requested extension of the discovery period was necessitated by the death of his son and also the extended illness and death of his sister, who lived in Boston and required Mr. Henwood's time and presence until her death. Those personal tragedies required the deferral of discovery for many months. The second extension was required because of the Defendants' unavailability to attend depositions and because of the Defendants' failure to comply with discovery requests or even timely communicate their position with respect to voluntarily resolving such requests. The third requested extension was required because of the five months of delay occasioned by the Defendants' unsuccessful motion for reconsideration of the Court's discovery ruling, during which time the Defendants failed to comply with the Court's order mandating the disclosure of certain discovery. And, finally, the fourth requested extension was required because of the Defendants' further delays in producing discovery and then their delays in refusing to make their witnesses available for depositions.[2] The Court granted each of the Plaintiff's requested extensions of the discovery period, repeatedly rejecting the Defendants'

---

[2] The above-described justifications for each extension of the discovery period were the reasons asserted by the Plaintiff contemporaneously in support of his motions.

unsupportable arguments that the Plaintiff somehow had been dilatory in attempting to conclude discovery. The four discovery extensions, three of which were necessitated by the Defendants' own conduct and dilatory tactics, do not weigh in favor of the Defendants' current position.

    2.    <u>The Plaintiff Did Not Fail to "Cure" the "Deficiency" When He Amended the Complaint Previously.</u>

Again ignoring the circumstances surrounding the instant motion, the Defendants baldly assert that the Plaintiff's motion should be denied because of the Plaintiff's alleged prior failure to "cure" the previously existing "deficiency" in his complaint. As discussed above, the Plaintiff did not commit an "oversight" in not previously adding this claim. The new law upon which the Plaintiff relies was not announced until the end of December 2003, long after the plaintiff filed his original complaint in May 2001 or his amended complaint in December 2001. Thus, there was no prior opportunity to assert this amendment, and the "deficiency" in the Plaintiff's prior complaint was not known until the Connecticut Supreme Court's decision in <u>Stewart</u> was announced.

    3.    <u>No Undue Prejudice Will Result to the Defendants as a Result of this Amendment.</u>

The Defendants again ignore the facts in arguing that they will suffer undue prejudice if the Plaintiff now is permitted to amend his complaint. They ignore the fact that this "new" claim is supported by the same facts that are alleged to support the Plaintiff's other claims. The Defendants also refuse to identify any new discovery that will be necessary, and they disingenuously argue that an amendment improperly will allow the case to "drag on," when their conduct has caused most of

the delays in this litigation.[3] While the Defendants obviously would prefer to defend this case without an additional claim for damages for which they likely will be held liable, the Defendants have identified no undue prejudice that will result from the Plaintiff's amendment to his complaint.

4. The Amendment Would Not be Futile.

Lastly, the Defendants argue that an amendment to the complaint would be futile. This time, the Defendants ignore the arguments advanced in favor of the promissory estoppel claim advanced in the Plaintiff's brief in opposition to the Defendants' motion for summary judgment, at pages 56 to 59, as well as those substantive arguments advanced in favor of the claim set forth in the Plaintiff's brief in support of the instant motion. For the reasons set forth in those briefs, which will not be repeated herein, the Plaintiff respectfully asserts that promissory estoppel is a claim, supported by the facts of this case, that should be presented for adjudication by the trier of fact.

---

[3] A review of the Defendants' discovery conduct directly contradicts their claim that they have sought to conclude quickly this litigation so that they may proceed with business activities. In a level of aggression unusual for litigation in this district, the Defendants repeatedly have asserted and litigated discovery objections for no reason other than to burden the Plaintiff. For example, the Defendants refused to produce discovery relating to similar claims of age discrimination and breach of contract that implicated some of the decision makers involved in this lawsuit. Only after burdening the Court with the necessity of adjudicating this objection, which required the delay of discovery for months, did the Defendants finally respond that no such claims exist. Similarly, after the Court ruled that similar claims against the Defendants were discoverable, the Defendants filed a frivolous motion for reconsideration, citing no new arguments in support of their position but again delaying discovery for several months.

As discussed above and in the Plaintiff's several briefs in support of his motions for modification of the scheduling orders, the Defendants also repeatedly delayed the scheduling of depositions in this matter for months on end. The Defendants' claim that the Plaintiff has allowed this litigation to "drag on" is unsupported by details because it is wholly inaccurate. What is clear, however, is that the Defendants have advanced and are continuing to advance any argument, regardless of its merit, when they believe they might gain some tactical advantage by doing so.

For all of the foregoing reasons, as well as those set forth in his initial memorandum of law, the Plaintiff respectfully asserts that his motion for leave to file amended complaint should be granted.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF DAVID D. HENWOOD

By _____
David M. Cohen, Esq. (ct06047)
Daniel M. Young (ct17188)
WOFSEY, ROSEN, KWESKIN &
    KURIANSKY, LLP
600 Summer Street
Stamford, CT 06901-1490
(203) 327-2300

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by U.S. Mail, postage prepaid, on this 8th day of March 2004 to:

>Wendi J. Kemp, Esq.
>Gregory B. Nokes, Esq.
>McCarter & English, LLP
>CityPlace I
>185 Asylum Street
>Hartford, Connecticut 06103

and sent by facsimile and U.S. Mail on this 8th day of March 2004 to:

>C. Randolph Sullivan, Esq.
>Kimberlee W. DeWitt, Esq.
>Hunton & Williams
>951 East Byrd Street
>Richmond, VA 23219

_____
Daniel M. Young