UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID D. HENWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:01CV996(AWT) |
| UNISOURCE WORLDWIDE, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEORGIA-PACIFIC CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | March 29, 2004 |

ANSWER OF UNISOURCE WORLDWIDE, INC. AND
GEORGIA-PACIFIC CORPORATION TO PLAINTIFF DAVID
HENWOOD'S SECOND AMENDED COMPLAINT

On January 21, 2004, Plaintiff David Henwood ("Henwood" or "Plaintiff") filed a

Motion for Leave to File Amended Complaint and attached the proposed Amended

Complaint. By Order filed March 15, 2004, this Court granted Henwood's motion and

ordered that the Clerk docket the Amended Complaint. This Amended Complaint is actually

Henwood's Second Amended Complaint, with the first amended complaint dated December

13, 2001. For consistency purposes, however, Defendants Unisource Worldwide, Inc.

("Unisource") and Georgia-Pacific Corporation ("Georgia-Pacific") (collectively,

"Defendants") will simply refer to the Amended Complaint docketed on March 15, 2004, as

the "Amended Complaint."

Defendants state the following for their Answer to Henwood's Amended Complaint in

this action. Georgia-Pacific states that it has never been Henwood's employer and, therefore,

it is not properly included as a defendant in this action. Georgia-Pacific is also asserting that

it is an improper party in its defenses. Without in any way waiving this position and/or

defense, Georgia-Pacific joins in submitting this Answer.

<u>THE PARTIES</u>

1.      Defendants admit that Plaintiff's name is David Henwood. Defendants are

without knowledge or information sufficient to form a belief as to whether Henwood is a

citizen and resident of the State of Connecticut, residing in Wilton, Connecticut, and therefore

deny the same. Upon information and belief, Defendants admit that Henwood was born on

September 9, 1935, but Defendants are unable to determine what is meant by "at all relevant

times" and therefore deny all allegations incorporating that formulation. Answering further,

Defendants deny all remaining allegations of Paragraph 1 of the Amended Complaint.

2.      Defendants admit that Georgia-Pacific is incorporated in and under the laws of

the State of Georgia and that its principal place of business is in the State of Georgia.

Answering further, Defendants admit that Georgia-Pacific produces building products, pulp

and paper products, that it operates in the United States and in some other countries, and that

Georgia-Pacific has over 55,000 employees. Defendants deny all remaining allegations of

Paragraph 2 of the Amended Complaint.

3.      Defendants admit that Unisource is incorporated in and under the laws of the

State of Delaware, and that Unisource has its principal place of business in the State of

Georgia. Answering further, Defendants admit that Unisource distributes printing and

imaging papers, packaging systems and maintenance supplies in North America. Defendants

deny all remaining allegations of Paragraph 3 of the Amended Complaint.

- 2 -

4.      The allegations of Paragraph 4 of the Amended Complaint assert a conclusion of law to which Defendants are not required to respond.  To the extent that a response to these allegations is necessary, Defendants admit that Georgia-Pacific and Unisource are engaged in an industry affecting commerce, but deny all remaining allegations of Paragraph 4 of the Amended Complaint.

JURISDICTION AND VENUE

5.      Defendants admit that this Court has subject matter jurisdiction over some of Henwood's claims pursuant to 28 U.S.C. § 1332(c)(1), but Defendants specifically deny that the Court has subject matter jurisdiction over Henwood's claims for age discrimination, deny that Henwood is entitled to any relief whatsoever in this matter and deny all remaining allegations of Paragraph 5 of the Amended Complaint.

6.      Defendants deny that this Court has subject matter jurisdiction over Henwood's claims for age discrimination and deny the allegations of Paragraph 6 of the Amended Complaint.

7.      Defendants admit that they and Henwood are subject to the personal jurisdiction of this Court, but deny all remaining allegations of Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations of Paragraph 8 of the Amended Complaint and deny that Henwood is entitled to any relief whatsoever in this matter.

FIRST COUNT (BREACH OF CONTRACT)

1-8.    Defendants incorporate their responses to the preceding Paragraphs of the Amended Complaint.

- 3 -

9.      Defendants deny the allegations of Paragraph 9 of the Amended Complaint.

10.     The allegations of Paragraph 10 of the Amended Complaint set forth Henwood's description of his claims to which Defendants are not required to respond.  To the extent that a response to these allegations is necessary, Defendants deny the existence of any employment agreement with Henwood and deny all remaining allegations of Paragraph 10 of the Amended Complaint.

11.     Defendants admit that Unisource has facilities in Connecticut, including a facility located at 100 Helmsford Way, Windsor, Connecticut, that Unisource is authorized to do business in Connecticut and has employees located in Connecticut, and that Georgia-Pacific acquired Unisource in approximately June 1999.  Defendants deny all remaining allegations of Paragraph 11 of the Amended Complaint.

12.     Defendants admit that Georgia-Pacific is headquartered at 133 Peachtree Street, NE, Atlanta, Georgia  30303, but deny all remaining allegations of Paragraph 12 of the Amended Complaint.

13.     Defendants admit that Henwood was hired by Paper Corporation of the United States ("PCUS") as a commission sales representative in or about February 1985, that PCUS focused its business on government contract work and specialty papers, that PCUS was subsequently acquired by Unisource, and that PCUS is an operating division of Unisource. Defendants deny all remaining allegations of Paragraph 13 of the Amended Complaint.

14.     Defendants admit the existence of a letter dated February 13, 1985, addressed to Henwood from Robert F. Fitzgerald and state that the letter speaks for itself as to its contents.  Defendants deny that Henwood has ever been employed by Georgia-Pacific and

- 4 -

deny that Georgia-Pacific "agreed" to anything with Henwood. Defendants deny all remaining allegations of Paragraph 14 of the Amended Complaint.

15.     Defendants admit that when Henwood became an employee of PCUS, he was working with Watchtower as a customer and that Henwood continued working with Watchtower as an employee of PCUS, but Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the first sentence of Paragraph 15 of the Amended Complaint and therefore deny the same. Defendants admit that Watchtower prints certain religious publications, but are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of the second and third sentences of Paragraph 15 of the Amended Complaint and therefore deny the same. Defendants deny the allegations of the fourth sentence of Paragraph 15 of the Amended Complaint.

16.     In response to the allegations of Paragraph 16 of the Amended Complaint, Defendants state that Henwood's employment with PCUS has at all times been at-will employment. Defendants deny that there were any "commitments" or "arrangements" concerning Henwood's employment with PCUS, deny that Henwood has ever been employed by Georgia-Pacific, and deny all remaining allegations of Paragraph 16 of the Amended Complaint.

17.     Defendants admit that Henwood was working with Watchtower as a customer at the time he was hired by PCUS in 1985 and that Henwood continued working with Watchtower as an employee of PCUS, but Defendants deny all remaining allegations of Paragraph 17 of the Amended Complaint.

18.     Defendants admit that Henwood was working with Watchtower as a customer at the time he was hired by PCUS, that Henwood continued working with Watchtower as an employee of PCUS, and that Watchtower was a customer of PCUS, but Defendants deny all remaining allegations of Paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations of Paragraph 19 of the Amended Complaint.

20.     Defendants admit that Fraser Papers, Inc. supplied material used by Watchtower, that this material was distributed by PCUS, and that PCUS received a gross trading margin in connection with this business, but Defendants deny all remaining allegations of Paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations of Paragraph 21 of the Amended Complaint.

22.     Defendants admit that Watchtower at certain times ordered significant amounts of paper through PCUS, that PCUS received over two million dollars in gross trading margin based on this business, and that Henwood at certain times received more in commissions than other PCUS sales representatives, but Defendants deny all remaining allegations of Paragraph 22 of the Amended Complaint.

23.     Defendants deny that Unisource or PCUS owed any express or implied obligations to support Henwood's relationship with Watchtower, to continue Henwood's relationship with Watchtower, or to continue to pay Henwood a commission, "agreed-upon" or otherwise, on Watchtower sales.  Answering further, Defendants state that Henwood has been properly paid all amounts to which he is entitled.  Defendants deny all remaining allegations of Paragraph 23 of the Amended Complaint.

24.    Defendants deny that Unisource has ever "unilaterally appropriated a customer account" for the "purposes of depriving [a] sales representative of his commission," deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, and deny all remaining allegations of Paragraph 24 of the Amended Complaint.

25.    Defendants admit that in 1999 Watchtower questioned the pricing of products it acquired from PCUS, that the issues raised by Watchtower and Watchtower's dissatisfaction concerned actions taken by Henwood, and that the Watchtower account was therefore in jeopardy, but Defendants deny all remaining allegations of Paragraph 25 of the Amended Complaint.

26.    Defendants admit that Watchtower stated that it would no longer work with Henwood or PCUS and that at Watchtower's request Unisource told Henwood that he was not to have contact with Watchtower. Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that Henwood was ever a "sales representative in the Georgia-Pacific organization," and deny all remaining allegations of Paragraph 26 of the Amended Complaint.

27.    Defendants admit that as of January 2000 James O'Toole was President of Websource and that Websource is an operating division of Unisource. Answering further, Defendants admit that at some time in 2000 Unisource went through a restructuring that resulted in PCUS reporting to Websource. Answering further, Defendants admit that Watchtower terminated its relationship with Henwood and PCUS and that Watchtower agreed

to an arrangement in or about January 2000 that would temporarily allow Websource to handle the Watchtower account which was then handled as a "house" account. Defendants admit that Websource had previous experience selling other paper products to Watchtower. Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, and deny all remaining allegations of Paragraph 27 of the Amended Complaint.

28.    Defendants admit that in or about January 2000 a meeting was scheduled including O'Toole and Henwood and that O'Toole did not attend due to weather conditions, but Defendants deny all remaining allegations of Paragraph 28 of the Amended Complaint.

29.    Defendants admit that O'Toole offered to place Henwood on salary compensation at $7,500 per month in or about March 2000 for a six-month period. Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the Watchtower account, and deny all remaining allegations of Paragraph 29 of the Amended Complaint.

30.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, and deny all remaining allegations of Paragraph 30 of the Amended Complaint.

31.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that they owe or owed any obligations to Henwood or that he is entitled to any commissions that have not been paid to him, and deny all remaining allegations of Paragraph 31 of the Amended Complaint.

32.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific and deny all remaining allegations of Paragraph 32 of the Amended Complaint.

33.    Defendants admit that in or about June 2000 Fraser Papers, Inc. offered to Websource to provide certain payments to Websource in connection with sales that Fraser Papers, Inc. made directly to Watchtower for a limited period of time.  Defendants deny that Georgia-Pacific was involved in any way in any relationship with Fraser Papers and deny all remaining allegations of Paragraph 33 of the Amended Complaint.

34.    Defendants deny that Georgia-Pacific was involved in any way in any relationship with Fraser Papers, deny that Henwood is owed any commissions, deny the existence of any express or implied contract with Henwood, and deny all remaining allegations of Paragraph 34 of the Amended Complaint.

35.    Defendants deny that Georgia-Pacific has or had any involvement with the Watchtower account, deny that Henwood is owed any commissions and deny all remaining allegations of Paragraph 35 of the Amended Complaint.

36.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of

- 9 -

Henwood's employment with PCUS, deny that they have breached any obligations to

Henwood and deny all remaining allegations of Paragraph 36 of the Amended Complaint.

SECOND COUNT (Breach of Duty of Good Faith and Fair Dealing)

1-36.    Defendants incorporate their responses to the preceding Paragraphs of the

Amended Complaint.

37.    Defendants deny that Henwood has ever had an employment relationship with

Georgia-Pacific, deny that Henwood has been deprived of any commissions he earned or is in

any way owed commissions, and deny all remaining allegations of Paragraph 37 of the

Amended Complaint.

38.    Defendants deny that Georgia-Pacific has or had any involvement with the

Watchtower account and deny all remaining allegations of Paragraph 38 of the Amended

Complaint.

39.    Defendants deny that Henwood has ever had an employment relationship with

Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of

Henwood's employment with PCUS, deny that Henwood is owed any commissions and deny

all remaining allegations of Paragraph 39 of the Amended Complaint.

THIRD COUNT (Unjust Enrichment)

1-39.    Defendants incorporate their responses to the preceding Paragraphs of the

Amended Complaint.

40.    Defendants deny that Henwood has ever had an employment relationship with

Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of

Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the

Watchtower account, deny the existence of any express or implied contract with Henwood covering purchases of paper products by Watchtower from December 1999 onward and deny all remaining allegations of Paragraph 40 of the Amended Complaint.

41.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the Watchtower account, and deny all remaining allegations of Paragraph 41 of the Amended Complaint, including its subparagraphs (a) through (f).

42.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the Watchtower account, and deny all remaining allegations of Paragraph 42 of the Amended Complaint.

43.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the Watchtower account, deny that Henwood is owed any compensation and deny all remaining allegations of Paragraph 43 of the Amended Complaint.

<u>FOURTH COUNT (Accounting)</u>

1-43.    Defendants incorporate their responses to the preceding Paragraphs of the Amended Complaint.

44.    Defendants deny that Henwood had any relationship with Georgia-Pacific and deny all remaining allegations of Paragraph 44 of the Amended Complaint.

45.    Defendants deny that Henwood is entitled to any accounting and deny all remaining allegations of Paragraph 45 of the Amended Complaint.

46.    Defendants deny that Henwood is owed any commissions and deny all remaining allegations of Paragraph 46 of the Amended Complaint.

FIFTH COUNT (Violation of Wage Statutes)

1-46.    Defendants incorporate their responses to the preceding Paragraphs of the Amended Complaint.

47.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Henwood is owed any compensation and deny all remaining allegations of Paragraph 47 of the Amended Complaint.

48.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that they have unlawfully withheld any compensation or other sums from Henwood and deny all remaining allegations of Paragraph 48 of the Amended Complaint.

SIXTH COUNT (Age Discrimination)

1-48.    Defendants incorporate their responses to the preceding Paragraphs of the Amended Complaint.

49.    Defendants deny the allegations of Paragraph 49 of the Amended Complaint.

50.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of

- 12 -

Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the Watchtower account and deny all remaining allegations of Paragraph 50 of the Amended Complaint.

51.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the Watchtower account and deny all remaining allegations of Paragraph 51 of the Amended Complaint.

52.    Defendants deny the allegations of Paragraph 52 of the Amended Complaint.

53.    Defendants deny the allegations of Paragraph 53 of the Amended Complaint.

54.    Defendants deny the allegations of Paragraph 54 of the Amended Complaint.

55.    Defendants deny that Henwood has ever had an employment relationship with Georgia-Pacific, deny that Georgia-Pacific was involved in any way with any aspect of Henwood's employment with PCUS, deny that Georgia-Pacific had any involvement with the Watchtower account, deny that Henwood is owed any commissions and deny all remaining allegations of Paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations of Paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations of Paragraph 57 of the Amended Complaint.

58.    Defendants admit that the Connecticut Commission on Human Rights and Opportunities issued a Release of Jurisdiction dated September 18, 2001, but Defendants deny all remaining allegations of Paragraph 58 of the Amended Complaint.

## SEVENTH COUNT (Promissory Estoppel)

1-58.    Defendants incorporate their responses to the preceding Paragraphs of the Amended Complaint.

59.    Defendants deny that they made any promises to Henwood and deny all remaining allegations of Paragraph 59 of the Amended Complaint.

60.    Defendants deny that they made any promises to Henwood and deny all remaining allegations of Paragraph 60 of the Amended Complaint.

61.    Defendants deny that they made any promises to Henwood, deny that they in any way "sabotaged" Henwood's relationship with Watchtower, and deny all remaining allegations of Paragraph 61 of the Amended Complaint.

62.    Defendants deny that they made any promises to Henwood and deny all remaining allegations of Paragraph 62 of the Amended Complaint.

63.    Defendants deny that Henwood is entitled to the relief he seeks in the unnumbered Paragraph following Paragraph 62 of the Amended Complaint and in his "Claim for Relief and Amount in Demand," and deny that Henwood is entitled to any damages or any other relief whatsoever in this matter.

64.    In an unnumbered paragraph following the signature line on page 16 of his Amended Complaint, Henwood "demands a trial by jury." Defendants object to this demand to the extent that Henwood seeks a jury trial on claims for which a jury trial is not granted as a matter of law.

65.    All matters not specifically admitted are hereby expressly denied.

## DEFENSES

### First Defense

Henwood's Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Henwood's Amended Complaint fails to state a claim against Georgia-Pacific upon which relief can be granted because Georgia-Pacific is not and has never been Henwood's employer.

### Third Defense

Some or all of Henwood's claims are barred by the applicable statute of limitations.

### Fourth Defense

Some or all of Henwood's claims are barred by the doctrines of waiver and/or estoppel.

### Fifth Defense

Henwood has failed to comply with the administrative and statutory prerequisites to suit under the Age Discrimination in Employment Act (ADEA) and/or the Connecticut Fair Employment Practices Act (CFEPA) and therefore his claims under ADEA and/or the CFEPA must be dismissed.

### Sixth Defense

The Court lacks subject matter jurisdiction over some or all of Henwood's claims.

<u>Seventh Defense</u>

Henwood did not exhaust his available administrative remedies with respect to his claims of age discrimination and therefore these claims must be dismissed.

<u>Eighth Defense</u>

Henwood's Amended Complaint raises claims that are beyond the scope of the charges Henwood filed with the CHRO and/or the EEOC and therefore such claims must be dismissed.

<u>Ninth Defense</u>

Henwood fails to state a claim for breach of contract because he cannot establish the existence of a contract with either Defendant.

<u>Tenth Defense</u>

Henwood fails to state a claim for breach of contract against Unisource because he was an at-will employee of Unisource.

<u>Eleventh Defense</u>

Henwood fails to state a claim for breach of contract because evidence of any alleged contract terms altering the at-will employment relationship and/or otherwise is inadmissible under the parol evidence rule.

<u>Twelfth Defense</u>

Henwood fails to state a claim for breach of contract because enforcement of any alleged contract terms is barred by the Statute of Frauds.

<u>Thirteenth Defense</u>

Henwood fails to state a claim for breach of contract because neither Defendant breached any alleged contract with Henwood.

<u>Fourteenth Defense</u>

Henwood was an at-will employee of Unisource.

<u>Fifteenth Defense</u>

Henwood fails to state a claim for breach of duty of good faith and fair dealing because Defendants did not owe him such a duty.

<u>Sixteenth Defense</u>

Henwood fails to state a claim for breach of duty of good faith and fair dealing because Defendants did not breach any such alleged duty to Henwood.

<u>Seventeenth Defense</u>

Henwood fails to state a claim for breach of duty of good faith and fair dealing because Defendants did not have any contractual relationship with Henwood.

<u>Eighteenth Defense</u>

Georgia-Pacific is not and has never been Henwood's employer.

<u>Nineteenth Defense</u>

Defendants' actions with respect to and concerning Henwood, if any, were at all times undertaken in good faith and without malice, recklessness, negligence or improper motive.

<u>Twentieth Defense</u>

Defendants' actions with respect to and concerning Henwood, if any, were at all times based upon reasonable, legitimate and nondiscriminatory factors.

- 17 -

### Twenty-First Defense

Henwood is not entitled to some or all of the requested relief because, while Defendants' actions with respect to and concerning Henwood, if any, were at all times based upon reasonable, legitimate and nondiscriminatory factors, even if Defendants were found to have considered any impermissible factors in any decisions or actions, which they deny, they would have taken the same action regardless of any impermissible factors.

### Twenty-Second Defense

Some or all of Henwood's claims are barred by the doctrine of unclean hands.

### Twenty-Third Defense

Henwood fails to state a claim for unjust enrichment because he is not owed and/or does not have a right or claim to any alleged commissions.

### Twenty-Fourth Defense

To the extent that Henwood establishes the existence of a contract with either Defendant, which Defendants deny, Henwood's claim for unjust enrichment is barred in whole or in part.

### Twenty-Fifth Defense

Henwood fails to state a claim for an accounting because Henwood is not entitled to any accounting from Defendants.

### Twenty-Sixth Defense

Henwood fails to state a claim for an accounting because there is not and has never been a fiduciary relationship between Defendants and Henwood or any other ground for invoking an action of accounting.

- 18 -

### Twenty-Seventh Defense

Henwood fails to state a claim for an accounting because there was no prior demand by Henwood and refusal by the Defendants.

### Twenty-Eighth Defense

The Connecticut accounting statutes cited by Henwood are not applicable to Henwood and/or any employment or relationship he alleges in this action.

### Twenty-Ninth Defense

Henwood fails to state a claim under the Connecticut wage statutes because Henwood is not owed or entitled to any compensation from Defendants.

### Thirtieth Defense

Henwood fails to state a claim against Georgia-Pacific under the Connecticut wage statutes because Georgia-Pacific is not and has never been Henwood's employer, as defined by Conn. Gen. Stat. § 31-71a or otherwise, and does not owe Henwood any wages or other compensation.

### Thirty-First Defense

The Connecticut wage statutes cited by Henwood are not applicable to Henwood and/or any employment or relationship he alleges in this action.

### Thirty-Second Defense

Expressly denying any wrongdoing on their part, and expressly denying that Henwood has been damaged as alleged, Defendants state that they have not acted in bad faith, arbitrarily, or unreasonably and that Henwood is not entitled to double damages or attorneys' fees.

### Thirty-Third Defense

Some or all of Henwood's claims are barred in whole or in part based on payment, accord and satisfaction and/or novation.

### Thirty-Fourth Defense

Some or all of Henwood's claims are barred in whole or in part because full relief can be sought and/or is available through statute and/or statutorily provided remedies.

### Thirty-Fifth Defense

Some or all of Henwood's claims are barred in whole or in part based on failure of consideration.

### Thirty Sixth Defense

Henwood is not entitled to costs, interest or attorneys' fees.

### Thirty-Seventh Defense

The Amended Complaint seeks relief in a form or amount that is not available as a matter of law.

### Thirty-Eighth Defense

Henwood has not been damaged in the manner or to the extent alleged in the Amended Complaint.

### Thirty-Ninth Defense

Expressly denying any wrongdoing on their part, and expressly denying that Henwood has been damaged as alleged, Defendants state that Henwood has failed to mitigate any damages which he allegedly sustained.

### Fortieth Defense

Any damage Henwood has allegedly sustained has been proximately caused by his own actions or omissions.

### Forty-First Defense

Henwood fails to state a claim for promissory estoppel because Defendants did not make any promises to him.

### Forty-Second Defense

Henwood fails to state a claim for promissory estoppel because even if he can establish that Defendants made a promise to him concerning the Watchtower account, which Defendants deny, Defendants did not reasonably expect such promise to induce action or forbearance by Henwood.

### Forty-Third Defense

Henwood fails to state a claim for promissory estoppel because even if he can establish that Defendants made a promise to him concerning the Watchtower account, which Defendants deny, Henwood did not rely upon such promise nor did he take action or forbear taking action in reliance on such promise.

### Forty-Fourth Defense

Henwood fails to state a claim for promissory estoppel because even if he can establish that Defendants made a promise to him concerning the Watchtower account, which Defendants deny, no injustice resulted and such promise should not be enforced.

- 21 -

<u>Additional Defenses</u>

Defendants reserve the right to amend their Answer and to assert additional defenses as Henwood's claims are more fully disclosed during the course of this litigation.

WHEREFORE, Unisource and Georgia-Pacific respectfully request that this action be dismissed with prejudice and that they be awarded their costs and attorneys' fees.

Respectfully submitted,

UNISOURCE WORLDWIDE, INC. and GEORGIA-PACIFIC CORPORATION

By _____
Gregory B. Nokes (ct06905)
McCARTER & ENGLISH, LLP
CityPlace I, 36th Floor
185 Asylum Street
Hartford, CT 06103
(860) 275-6700

C. Randolph Sullivan (ct22795)
Kimberlee W. DeWitt (ct23825)
HUNTON & WILLIAMS
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200

- 22 -

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was sent by fax and by U.S. Mail, postage prepaid, to the following counsel of record on this 29th day of March, 2004:

> Daniel M. Young
> WOFSEY, ROSEN, KWESKIN &KURIANSKY, LLP
> 600 Summer Street
> Stamford, CT 06901-1490

Gregory D. Nokes

HARTFORD: 611846.01

- 23 -