UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------
DAVID D. HENWOOD,                          :

    Plaintiff,                            :
                                                                                               Civil Action No.
v.                                         :    3:01 CV 996 (AWT)(DFM)

UNISOURCE WORLDWIDE, INC. and              :
GEORGIA-PACIFIC CORP.

    Defendants.                          :    July 1, 2004
---------------------------------------------------------------

**SUPPLEMENTAL LOCAL RULE 56(a)2 STATEMENT**

      Pursuant to Local Rule 56(a)2 of the Local Civil Rules for the United States District Court for the District of Connecticut, the Plaintiff David D. Henwood submits his response to the Defendants' Supplemental Local Rule 56(a)1 Statement and his statement of "Disputed Issues of Material Fact" which preclude the granting of summary judgment in favor of the Defendants.

RESPONSE TO SUPPLEMENTAL LOCAL RULE 56(a)1 STATEMENT

    For purposes of summary judgment and not as evidentiary admissions for trial or otherwise, the Plaintiff responds to the Defendants Supplemental Local Rule 56(a)1 Statement with respect to each numbered paragraph as follows:

    1.      Admitted.

    2.      Admitted, except denied that Mr. Henwood only "suspected" that A.T.Clayton was not paying him his full commissions, as the only evidence on this issue is that Henwood actually "learned" of A.T. Clayton's deception.  See Henwood Aff. ¶ 4.

    3.      Admitted.

    4.      Admitted that Defendants recite some portions of Mr. Henwood's pre-

employment conversations with PCUS, but deny any implication that such statements were the only statements made.

5. Admitted that Henwood resigned from employment with A.T. Clayton and sued A.T. Clayton for breach of contract. Admitted that Henwood accepted employment with PCUS in February 1985. Denied as to any implication that PCUS's reputation and access to paper mills were the only or even primary motivating factors in Henwood's decision to accept PCUS's offer of employment. Admitted that Henwood initially testified at his deposition that he had "no way to answer" the hypothetical question posed by defense counsel concerning whether we would have accepted employment with PCUS had Fitzgerald not made the promises he made on behalf of the Defendants, although denied that this isolated citation is anything but a misleading mischaracterization of Henwood's testimony in light of Mr. Henwood's subsequent testimony that he relied upon Mr. Fitzgerald's promises and would not have accepted employment with PCUS had he not be comfortable with the level of support and exclusivity that had been promised by PCUS. See Henwood 5/18/04, p. 62-63.[1] Admitted that, at the time he accepted employment with PCUS, Henwood did not have a job offer from either Gould Paper or Clifford Paper, and had not directly communicated with either, as he communicated with those companies through a headhunter.

6. Admitted that the February 13, 1985 letter from Robert Fitzgerald provides in part those quotations cited by the Defendants. Admitted that the letter does not specifically refer to the "Watchtower account" although denied as to any implication that the failure to so specify

---

[1] Because of the Defendants' selective citation of Mr. Henwood's testimony, the Plaintiff attaches hereto the complete deposition transcript of the Plaintiff's May 18, 2004 deposition, as well as Mr. Henwood's errata sheet.

indicates that the commitments set forth in that letter did not apply to the Watchtower account, the primary topic of Mr. Henwood's and PCUS's pre-employment discussions.

7.     Admitted, excepted denied as to any implication that he was able to service the Watchtower account to the best of his ability through the end of 1999, as the Defendants' sabotage of the Plaintiff's relationship with the Watchtower precluded from the Plaintiff from adequately servicing the Watchtower account at some time prior to the end of 1999.

8.     Admitted that Henwood did not have any non-competition agreement with PCUS and that he could have taken the Watchtower account with him to another employer, but denied that the Plaintiff could have taken the Watchtower account with him to another employer after the Defendants sabotaged and irreparably damaged the Plaintiff's relationship with the Watchtower.  Admitted that Henwood never sought other employment while he was employed by the Defendants.

## DISPUTED ISSUES OF MATERIAL FACT

Pursuant to Local Civil Rule 56(a)2, the Plaintiff submits following issues, among others and in addition to those previously submitted by the Plaintiff, that require resolution by trial:

1. Whether Robert Fitzgerald's pre-employment promises to Mr. Henwood constituted clear and definite promises.

2. Whether the Defendants concealed their actions with respect to the Watchtower account from Mr. Henwood.

3. Whether the Defendants breached the pre-employment promises made to Mr. Henwood, including whether they breached promises: that Mr. Henwood would be the exclusive representative of Unisource to the Watchtower; that PCUS would compensate Mr. Henwood, unlike A.T.Clayton, based upon all revenues generated from his customers; that PCUS would never do anything to undermine or interfere with Mr. Henwood's relationship with the Watchtower; that PCUS and its parent company would support Mr. Henwood in anyway possible in servicing and maintaining his relationship with the Watchtower; and that senior management of PCUS and its parent company would make themselves available to support Mr. Henwood's relationship with the Watchtower.

4. Whether the Defendants' breaches of the pre-employment promises made to Mr. Henwood caused him damage.

5. Whether the Defendants' conduct and concealment of communications between the Defendants and the Watchtower irreparably damaged the PCUS-Watchtower relationship or the Henwood-Watchtower relationship.

6. Whether the Defendants promised Mr. Henwood that he alone would be the

exclusive representative of the Defendants to the Watchtower.

7. Whether the commissions flowing to the Defendants after December 1999 resulted from Mr. Henwood's prior efforts.

8. Whether the Defendants' transfer of the Watchtower account from Mr. Henwood to a Websource house account, the Defendants' subsequent refusal to provide Mr. Henwood with commissions based upon Watchtower sales, constituted a breach of Mr. Henwood contract, a breach of pre-employment promises made to Mr. Henwood, or otherwise was improper.

9. Whether the Defendants, and not Mr. Henwood, caused a fracture of the relationship between PCUS and the Watchtower.

10. Whether Websource undertook any servicing activities to earn the Watchtower commissions that were paid to it.

11. Whether Websource took any active steps to procure Watchtower orders placed with it.

12. Whether the Defendants were justified in removing Mr. Henwood from the Watchtower account.

13. Whether the Defendants supported Mr. Henwood and did everything within their means to maintain the Watchtower account for Mr. Henwood.

14. Whether Mr. Henwood was reasonable in relying upon PCUS's pre-employment promises.

15. Whether Mr. Henwood relied to his detriment on the PCUS's pre-employment promises.

16. Whether Mr. Henwood could have acted to obtain other employment before he

began working for PCUS.

17.	Whether Mr. Henwood could have acted to leave PCUS with the Watchtower account had the Defendants not sabotaged his relationship with the Watchtower while concealing their actions from Mr. Henwood.

18.	Whether Mr. Henwood was reasonable in relying upon PCUS's promises.

19.	Whether PCUS reasonably should have expected or anticipated that Mr. Henwood would rely upon its promises.

20.	Whether Mr. Henwood has suffered an injustice as a result of the Defendants' breaches of the Plaintiff's promises.

                THE PLAINTIFF,
                DAVID D. HENWOOD


By _____/s/_____
  David M. Cohen, Esq. (ct06047)
  Daniel M. Young (ct17188)
  WOFSEY, ROSEN, KWESKIN &
     KURIANSKY, LLP
  600 Summer Street
  Stamford, CT 06901-1490
  (203) 327-2300

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by U.S. Mail, postage prepaid, to the following counsel of record on this 1st day of July 2004:

>Wendi J. Kemp, Esq.
>Gregory B. Nokes, Esq.
>McCarter & English, LLP
>CityPlace I
>185 Asylum Street
>Hartford, Connecticut 06103

and by U.S. Mail, postage prepaid, and e-mail to:

>C. Randolph Sullivan, Esq.
>Hunton & Williams
>951 East Byrd Street
>Richmond, VA 23219

_____/s/_____
Daniel M. Young