UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID D. HENWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 3:01CV996(AWT)(DFM) |
| UNISOURCE WORLDWIDE, INC. ) | |
| ) | |
| and ) | |
| ) | |
| GEORGIA-PACIFIC CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO STRIKE

Defendants Unisource Worldwide, Inc. and Georgia-Pacific Corporation ("Defendants"), by counsel, hereby move this Court to strike Plaintiff David D. Henwood's ("Henwood") Errata Sheet for Transcript of Continued Deposition of David D. Henwood Held on May 18, 2004 ("Errata Sheet"),[1] served by Henwood on Defendants on June 22, 2004, and offered by Henwood in opposition to Defendants' Motion for Summary Judgment on Plaintiff's Claim of Promissory Estoppel. Defendants, in support of their motion, state the following:

---

[1] On July 21, 2004, Henwood served on Defendants an Amended Errata Sheet to the May 18, 2004 Henwood deposition transcript. Defendants are including the amended errata sheet within this motion to strike and simply refer to the initial and amended errata sheets collectively as "Errata Sheet."

## I.   INTRODUCTION

By Order dated March 15, 2004, this Court granted Henwood leave to add a claim for promissory estoppel to his Amended Complaint as a "Seventh Count." Defendants had already filed for summary judgment on November 17, 2003, so Defendants were allowed to reopen Henwood's deposition for purposes of the promissory estoppel claim. Defendants deposed Henwood on May 18, 2004, and thereafter filed for summary judgment on the promissory estoppel claim on June 1, 2004.

Three weeks after receiving Defendants' Motion for Summary Judgment on Plaintiff's Claim for Promissory Estoppel, Henwood served the Errata Sheet, which significantly altered Henwood's original deposition testimony. The Errata Sheet noted 38 changes to Henwood's deposition, only four of which were due to transcription error.[2] Four changes were made in direct contradiction to Henwood's previous testimony. The remaining thirty changes significantly modified Henwood's testimony by adding new facts and information, upon which Defendants did not have a chance to depose Henwood.

---

[2] Henwood attached the Errata Sheet and the entire transcript of his May 18, 2004 deposition as Exhibit A to his Supplemental Local Rule 56(a)(2) Statement, dated July 1, 2004. Therefore, Defendants are not attaching the Errata Sheet to this motion.

2

Henwood now attempts to use the Errata Sheet to create issues of fact to defeat Defendants' motion for summary judgment on the promissory estoppel claim. Henwood also attempts to circumvent Defendants' right to examine Plaintiff regarding the essential elements of his claim by offering this new "testimony" in an unchallenged and undiscerning forum. Defendants, therefore, move that Henwood's Errata Sheet be struck or, in the alternative, that certain portions of it be struck.

## II.    ARGUMENT

**1.    Plaintiff has Failed to Comply with the Federal Rules of Civil Procedure**

A deponent has thirty days upon receipt of his deposition transcript in which to notify the officer (court reporter) of any changes he would like to make to his deposition. Fed. R. Civ. P. 30. The officer then must append any such changes to the deposition within this thirty-day time period. Id. Here, while Henwood served the Errata Sheet on Defendants on June 22, 2004, he apparently never sent the Errata Sheet to the court reporter and therefore failed to submit the Errata Sheet within the prescribed period. See Letter from Ruth A. Girolomo, dated July 13, 2004, attached hereto as Exhibit A. Because Plaintiff failed to comply with the Federal Rules of Civil Procedure, the Errata Sheet must be struck.

2. **The Errata Sheet Improperly Contradicts Previous Deposition Testimony**

It is well established that a party may not create a genuine issue of fact by submitting a sworn statement that contradicts his prior deposition testimony. Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 619-20 (2d Cir. 1996) (noting that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony"); Mack v. United States, 814 F.2d 120, 124-25 (2d Cir. 1987) (party may not create issue of fact by offering sworn statement that contradicts earlier sworn testimony in the case). Furthermore, when a party offers an errata sheet after summary judgment has been briefed, the court may disregard all changes made after summary judgment is filed. Innovative Marketing & Technology, L.L.C. v. Norm Thompson Outfitters, Inc., 171 F.R.D. 203 (W.D. Texas 1997) (holding that, when errata sheet filed after summary judgment is filed, courts should apply closer scrutiny and in ruling on summary judgment may disregard changes and consider only original testimony).

In this case, the Errata Sheet offers testimony both contrary to and in addition to that provided by Henwood in his previous depositions, and Henwood relies upon this changed testimony in his response brief in an effort to create genuine issues of material fact.

For example, the following question and answer took place during Henwood's deposition:

> [Defendants' counsel] Q: If Mr. Fitzgerald had not made all the statements that you talked about Mr. Fitzgerald making to you, if he had not made those statements, would you have accepted employment with PCUS?
>
> [Henwood] A: I have no way to answer that.

(Henwood 5/18/04 Dep. Tr. 33). Henwood's answer confirms the speculativeness of his allegation that he would have "pursued and accepted alternate employment" had PCUS not made the alleged "promises," and directly undercuts his claim that he detrimentally relied upon these alleged promises -- an essential element of his promissory estoppel claim. (See Amended Complaint dated January 21, 2004, ¶¶ 60-61). In his Errata Sheet, Henwood completely changes his answer by adding the following phrase to his answer so that it reads as follows: "I have no way to answer that *because he make [sic] those statements. If he had not make [sic] those promises on his own, I would have asked for such assurances, but he make [sic] those promises without me even having to ask.*" (Errata Sheet p. 4). This revision to Henwood's answer inappropriately contradicts his earlier testimony.

Further examples of Plaintiff's contradictory entries on the Errata Sheet are: Henwood Dep. Tr. 14 at line 16, Errata Sheet p. 2; Henwood Dep. Tr. 17 at line 11, Errata Sheet p. 3; Henwood Dep. Tr. 24 at line 10, Errata Sheet p. 3. Because

Plaintiff cannot use the Errata Sheet to contradict previous deposition testimony, these Errata Sheet entries should be struck for purposes of summary judgment.

3. **The Errata Sheet Denies Defendants' the Ability to Depose Plaintiff on the New Information Provided**

Many of Plaintiff's Errata Sheet changes supplied new and detailed information to the original questions posed by Defendants' counsel. In making these changes, Defendants were denied the opportunity to question Plaintiff on this new information or to ask Plaintiff additional follow up questions. Plaintiff should not now be rewarded for his initial sparseness by being permitted to avoid examination on these new topics altogether.

For instance, in responding to a question asking what discussions Plaintiff had with Fitzgerald before he began his employment with PCUS, Plaintiff replied in part that Mr. Fitzgerald "personally could guarantee that any management personnel from the parent corporation, that were appropriate in a given circumstance, he could make available to me." Henwood 5/18/04 Dep. Tr. 11. However, in his Errata Sheet, Plaintiff offers a large amount of new testimony to this response by adding:

> including the President and the Chairman of the Board of PCUS's parent company, Alco Standard. In fact, during my discussions with Mr. Fitzgerald prior to my employment, he informed me that Dick Gozon, the President of Alco Standard, intended to meet with me shortly after I would start working for PCUS to discuss the Watchtower account and the entire organization's willingness to assist me and support my efforts in any way possible. Approximately three weeks after I began my employment with PCUS, Mr. Gozon, Mr. Fitzgerald and I met. Mr. Gozon again promised me the company's full support for my efforts with the Watchtower, promising that he

> and the Chairman of the Board, Ray Mundt, would make themselves available whenever necessary in order to assist me with the Watchtower account. We also discussed during that meeting that Mr. Gozon would exert leverage he could bring, if necessary, in order to ensure Fraser's cooperation with the company. Specifically, he raised the possibility of providing Fraser with other business in order to encourage Fraser to work with PCUS.

(Errata Sheet p. 2).

This testimony does not in any way help Henwood survive summary judgment, but Defendants offer it as an example of how Henwood has inappropriately tried to use the Errata Sheet to avoid summary judgment. Despite being asked this question numerous times, at no time during any of Henwood's depositions did he mention Mr. Gozon or these alleged statements and thus Defendants did not have an opportunity to ask follow-up questions on these additional statements.

Another egregious modification is Henwood's response to Defendants' inquiry as to whether Watchtower was in any way limited in its ability to sever its relationship with Henwood and PCUS and take its account elsewhere. In his previous depositions, Henwood repeatedly acknowledged that no contract existed between Watchtower and PCUS and that no guarantee existed that Watchtower would continue for any period of time to purchase paper from either Henwood or PCUS. Dep. Tr. 356-57. In the May 18, 2004 deposition, Henwood again acknowledged this fact. (See, e.g., Henwood 5/18/04 Dep. Tr. 26 (Q. Sure. You couldn't rely on servicing the Watchtower account for any specific period of time

because the Watchtower could take their business elsewhere, correct? A. I could rely on -- no.)).

However, in the Errata Sheet, Henwood changes his testimony on this topic to add the following statement:

> We had an oral agreement between PCUS and Watchtower that we would each provide to the other at least a years notice if we were not going to be able to work together in the future, because of the significant commitment each organization was making to the other and so that each organization would be able to protect its interests.

Again, this addition does nothing to alter the summary judgment decision, but it reflects the changes Henwood has attempted to make to his testimony.

Further examples of such modifications are: Henwood Dep. Tr. 10 at line 19, Errata Sheet p. 1; Henwood Dep. Tr. 14 at line 10, Errata Sheet p. 2; Henwood Dep. Tr. 15 at line 6, Errata Sheet p. 2; Henwood Dep. Tr. 16 at line 11, Errata Sheet p. 2; Henwood Dep. Tr. 18 at line 11, Errata Sheet p. 3; Henwood Dep. Tr. 19 at line 22, Errata Sheet p. 3; Henwood Dep. Tr. 22 at line 24, Errata Sheet p. 3; Henwood Dep. Tr. 26 at line 19, Errata Sheet p. 4; Henwood Dep. Tr. 26 at line 24, Errata Sheet p. 4; Henwood Dep. Tr. 27 at line 20, Errata Sheet p. 4; Henwood Dep. Tr. 34 at line 15, Errata Sheet p. 4; Henwood Dep. Tr. 38 at line 12, Errata Sheet p. 4; Henwood Dep. Tr. 38 at line 22, Errata Sheet p. 5; Henwood Dep. Tr. 46 at line 20, Errata Sheet p. 5; Henwood Dep. Tr. 50 at line 18, Errata Sheet p. 5; Henwood Dep. Tr. 52 at line 4, Errata Sheet p. 5; Henwood Dep. Tr. 56 at line 4, Errata Sheet p. 5; and Henwood Dep. Tr. 60 at line 5, Errata Sheet p. 5.

These entries to the Errata Sheet should be struck for purposes of summary judgment.

### III.   CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant its Motion to Strike the Henwood's Errata Sheet or, in the alternative, the designated portions of the Errata Sheet and provide any other relief that this Court may deem just.

THE DEFENDANTS,
UNISOURCE WORLDWIDE, INC. and
GEORGIA-PACIFIC CORP.

By _____
Wendi J. Kemp (ctl1185)
McCARTER & ENGLISH
CityPlace I, 185 Asylum Street
Hartford, CT 06103-3495
(860) 275 6700

C. Randolph Sullivan (ct22795)
Kimberlee W. DeWitt (ct23825)
HUNTON & WILLIAMS
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent by fax and U.S. Mail, postage prepaid, to the following counsel of record on this 26th day of July, 2004:

Daniel M. Young, Esq.
WOFSEY, ROSEN, KWESKIN &KURIANSKY, LLP
600 Summer Street
Stamford, CT 06901-1490

_____
Wendi J. Kemp

HARTFORD: 619722.01

# EXHIBIT A

# POST REPORTING SERVICE, INC.
## VERBATIM REPORTING
*Service Since 1938*

DEPOSITIONS  
ARBITRATIONS

HEARINGS  
CONFERENCES

July 13, 2004

C. Randolph Sullivan, Esq.  
Hunton & Williams  
951 East Byrd Street  
Richmond, VA 23219

Deposition of: (Continued) David D. Henwood  
Held: May 18, 2004  
Re: Henwood vs. Unisource

Dear Mr. Sullivan:

Enclosed herewith is the original deposition, taken in the above matter.

The deponent has not returned the signed and notarized jurat, and since more than thirty days have elapsed, we are sending you the original deposition for safekeeping.

Very truly yours,

*Ruth A. Girolomo*  
Ruth A. Girolomo

Enclosure