UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| DAVID D. HENWOOD, | : |
| Plaintiff, | : |
| | :     Civil Action No. |
| v. | :     3:01 CV 996 (AWT) (DFM) |
| UNISOURCE WORLDWIDE, INC. and GEORGIA-PACIFIC CORP. | : |
| Defendants. | :     July 30, 2008 |

---

**PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS**

Pursuant to Local Rule 54(b) and Rule 54(d) of the Federal Rules of Civil Procedure, the plaintiff David Henwood respectfully submits this objection to the defendants' Bill of Costs, dated July 21, 2008.

In the defendants' Bill of Costs, the defendants seek the imposition of costs upon the plaintiff in the amount of $3,823.85, consisting of court reporter fees for transcripts the defendants assert were necessarily obtained for use in support of their successful motion for summary judgment. The plaintiff requests that the Court exercise its discretion to deny the defendants recovery for all of its requested costs.

    A.    <u>The Applicable Standard</u>

Rule 54(d) provides that "costs ... shall be allowed as of course to the prevailing party *unless the court otherwise directs*." (emphasis added). "This qualification states an equitable principle and vests in the District Court a sound discretion over the allowance, disallowance, or apportionment of costs in all civil actions." <u>Kaiser Industries Corp. v. McLouth</u>, 50 F.R.D. 5, 8

(E.D. Mich. 1970). Thus, "[t]he allowance of costs to the prevailing party is not a matter of absolute right; the Trial Court has the inherent power to disallow a part, or all, of the costs in a case." Bush v. Remington Rand, Inc., 213 F.2d 456, 466 (2d Cir. 1954).

  B.  The Court Should Exercise Its Discretion to Deny Costs in the Instant Matter.

This matter involved the plaintiff's claims that he was unlawfully terminated from his employment with the defendants within days following his 65th birthday, and that the defendants did not provide the plaintiff with hundreds of thousands of dollars of commissions he asserted to be due. Although he ultimately was unsuccessful with his allegations that his contractual rights or his rights under state and federal age discrimination laws were violated, there has never been a claim that the plaintiff pursued this action for any reason other than a legitimate belief that he was treated unlawfully by the defendants. It similarly has never been disputed that the plaintiff was kept in the dark regarding months of communications concerning his sole commissioned account, and that the loss of the account, with its devastating financial consequences to the plaintiff, was entirely unexpected by the plaintiff.

During the course of this litigation, the plaintiff suffered the tragic loss of his son, who died on September 11, 2001 in the World Trade Center bombings, and the loss of his sister, who also died during discovery, from pancreatic cancer. As a result of delays occasioned by these untimely losses and other delays, the litigation of this matter has spanned over seven years. During that time, despite extensive efforts, the plaintiff was unable to resume his career, and the financial consequences of his loss of any gainful employment have been financially and personally catastrophic. The plaintiff obtained a second mortgage on his home to pay for living

expenses and, as a result of the recent downturn in the housing market and the plaintiff's inability to service his first and second mortgages, the plaintiff and his home now are involved in a foreclosure action that already has gone to judgment. The plaintiff anticipates that the foreclosure sale of his home, scheduled for August 16, 2008, will yield insufficient funds to payoff all of this second mortgage and any of this third mortgage, leaving him personally liable for hundreds of thousands of dollars of debt that he has no means of repaying. Another banking institution also just recently obtained a judgment against the plaintiff resulting from his inability to repay a loan, and he is liable to other creditors as well.

As a result of these extreme financial difficulties, the plaintiff anticipates that he may soon be forced to file for bankruptcy protection. As the plaintiff now is 72 years old and unemployed, there is little prospect of the plaintiff turning around his economic position.

In exercising the Court's discretion to disallow costs, "a district court may take into account the limited financial resources of the plaintiff." See Mulvihill v. Spalding Worldwide Sports, Inc., 239 F. Supp. 2d 121, 122 (D. Mass. 2002), quoting Papas v. Hanlon, 849 F.2d 702, 702 (1st Cir. 1988). For the reasons supporting the district court's decision to deny costs to the prevailing employer in the employment litigation matter involved in Mulvihill, costs likewise should be denied here.

As in Mulvihill, here, the financial resources of the defendants undoubtedly vastly exceed the resources of the plaintiff, and the imposition of costs in this case, if the plaintiff is able to avoid bankruptcy, "would work a significant hardship on the plaintiff, an individual of modest means who lost his job of many years under questionable circumstances." Mulvihill, 239 F. Supp. 2d at 122. The plaintiff also has "conducted his case in a professional and honorable

manner, without unduly escalating costs," and, as in <u>Mulvihill</u>, "public policy considerations counsel restraint in imposing costs .... [when] the issues are fairly disputed" and there is concern that employees will be intimidated by the threat of costs.  239 F. Supp. 2d at 122.

 Although the presumptive rule is that a prevailing party is entitled to an award of costs, this is a situation where such an award would be disallowed.  The financial consequences to the plaintiff flowing from the loss of his career, which gave rise to this litigation, have been devastating.  In light of the plaintiff's current economic situation, an award of costs, which if granted, would have no significant consequence to a large company, would be unjust.  The plaintiff therefore respectfully requests that the Court exercise its discretion to deny the defendants their costs in the instant matter.

        THE PLAINTIFF,
        DAVID D. HENWOOD


       By _____/s/ Daniel M. Young___
        David M. Cohen, Esq. (ct06047)
        Daniel M. Young (ct17188)
        WOFSEY, ROSEN, KWESKIN &
         KURIANSKY, LLP
        600 Summer Street
        Stamford, CT 06902
        (203) 327-2300

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served on opposing counsel by operation of the Court's electronic filing system.

Robert Gallo, Esq.
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103


C. Randolph Sullivan, Esq.
Hunton & Williams
951 East Byrd Street
Richmond, VA 23219


                                            /s/ Daniel M. Young
                                            Daniel M. Young