

NHCT
01-CV-996
Thompson

06-4972-cv
Henwood v. Unisource Worldwide

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand and eight.

PRESENT:

    HON. AMALYA L. KEARSE,
    HON. GUIDO CALABRESI,
    HON. ROBERT D. SACK,
               Circuit Judges.



___

DAVID D. HENWOOD,
        Plaintiff-Appellant,

    -v.-                                                  No. 06-4972-cv

UNISOURCE WORLDWIDE, INC. and GEORGIA PACIFIC CORP.,

        Defendants-Appellees.
___

Issued as Mandate: JUL 10 2008

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | FOR PLAINTIFF-APPELLANT: | DANIEL M. YOUNG (David M. Cohen, *on the brief*), Wofsey, Rosen, Kweskin & Kuriansky, LLP, Stamford, Conn. |
| 5<br>6<br>7 | FOR DEFENDANTS-APPELLEES: | C. RANDOLPH SULLIVAN (Kimberlee W. DeWitt, *on the brief*), Hunton & Williams, LLP, Richmond, Va. |

**UPON DUE CONSIDERATION** of this appeal from a judgment entered in the United States District Court for the District of Connecticut (Thompson, *J.*), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-Appellant David D. Henwood ("Henwood" or "Appellant") appeals from an October 5, 2006 judgment of the United States District Court for the District of Connecticut (Thompson, *J.*) granting summary judgment to Defendants-Appellees Unisource Worldwide, Inc. and Georgia Pacific Corp. (together, "Unisource") on Appellant's claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(a)(1), Connecticut's wage statutes, Conn. Gen. Stat. §§ 31-71c, 31-71e, Connecticut's statute recognizing the remedy of an accounting, Conn. Gen. Stat. § 52-401 *et seq.*, and various common law theories of liability. We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

This Court reviews a district court's grant of summary judgment *de novo*. *New York v. Nat'l Serv. Indus.*, 460 F.3d 201, 206 (2d Cir. 2006). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998); *see also* Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue of material fact, we must resolve all

ambiguities, and draw all inferences, against the moving party. *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987). Mere speculation and conjecture are insufficient to avoid summary judgment. *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990).

For substantially the reasons stated in the District Court's thorough opinion, *see Henwood v. Unisource Worldwide, Inc.*, Civ. No. 3:01cv0996 (AWT), 2006 WL 2799589, at *14-19 (D. Conn. Sept. 29, 2006), we hold that Appellant's state and common law claims were properly dismissed.

Regarding Henwood's federal age discrimination claim, we affirm the grant of summary judgment to Unisource because, assuming *arguendo* that Henwood made out a *prima facie* case of age discrimination, thereby satisfying the first prong of our three-prong burden-shifting framework, *see D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194-95 (2d Cir. 2007), Henwood has failed to offer sufficient evidence to satisfy the third prong. That is, he has not presented evidence sufficient to allow a reasonable juror to find that the legitimate, non-discriminatory explanations that Unisource offered for each of the alleged adverse employment actions "were not the only reasons and that the prohibited factor was at least one of the 'motivating' factors." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004) (quotation marks and citation omitted). Unisource explained (1) that it removed Henwood from the Watchtower Bible and Tract Society ("Watchtower") account because Watchtower refused to work with him or any other sales representative; (2) that it did not pay him any commissions on the Websource account with Watchtower because this account was different from the Watchtower account that Henwood had serviced and because Watchtower insisted that no sales representative receive commissions from the orders it

placed with Websource; (3) that it did not pay him a percentage of the commissions it subsequently received from Fraser Papers, Inc. ("Fraser") based on Fraser's direct sales to Watchtower because it believed those payments to be "disengagement fees," attributable to Fraser's desire to maintain its relationship with Unisource, not to Henwood's prior activities on the Watchtower account; (4) that the President of Websource, Jim O'Toole, offered Henwood a salaried trial period of six months (ending around his sixty-fifth birthday) because, based on experience with another salesman, O'Toole believed six months to be a reasonable amount of time for Henwood to transition onto other accounts; and (5) that Unisource did not make subsequent arrangements for Henwood because he resigned before O'Toole had an opportunity to assess Henwood's future role at the company. Of these legitimate, non-discriminatory explanations, Henwood has called into question the fourth (through his sworn testimony that O'Toole prevented him from developing new accounts), but this brings him no closer to showing that unlawful discrimination was one of Unisource's motivating factors. Therefore, he cannot meet his burden. *See Fagan v. N.Y. State Elec. & Gas Corp.*, 186 F.3d 127, 135 (2d Cir. 1999) ("[E]ven if we view the evidence as creating an issue of fact on pretext, appellant must point to evidence from which a fact-finder could infer that the pretext was masking unlawful discrimination." (internal quotation marks omitted)).

We have considered all of Appellant's arguments, and we find them without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _Angela Macst_
DEPUTY CLERK

By: _____

-4-